FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA 02 OCT 29 AM 8: 25
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| HAROLD WALDROP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 02-J-600-S |
| | ) | |
| ALABAMA GAS CORP., | ) | |
| | ) | |
| Defendant. | ) | ENTERED |
| | ) | |

OCT 2 9 2002

## MEMORANDUM OPINION

Currently, pending before the court is the defendant's motion for summary

judgment (doc. 13), defendant's brief in support of said motion, defendant's evidentiary

submission (doc. 14), plaintiffs' response brief, plaintiff's evidentiary submission (doc.

15), and defendant's reply.  The court has reviewed the motion and the parties' other

submissions.


### I. Factual Background

Harold Waldrop ("Plaintiff") started working for Alabama Gas Corporation

("Defendant") in 1988 and began his position as a meter reader in 1996.  Plaintiff's Depo.

at 22, 35.  During 1996, plaintiff received a written reprimand from Mike Tipton, his

supervisor, because plaintiff misrepresented himself to a customer and improperly

1

arranged for an appliance installation.  Plaintiff's Depo. at Exh. 2.  A customer had called

defendant seeking to have a gas range installed. *Id.*  Plaintiff answered the phone and told

the customer to call him back personally. *Id.*  The customer called defendant back and

asked to have his range installed pursuant to the prior phone call, but defendant had no

record of a service order for the range installation. *Id.*  However, defendant sent out an

installer later in the week, but this installer was sent away by the customer because

another installer had already installed the range. *Id.*  Defendant later found out that

plaintiff had called the customer and identified himself as "Harold from Alabama Gas"

and made arrangements to have a contractor, who was unaffiliated with defendant, install

the range. *Id.*  Defendant warned plaintiff in the reprimand that another incident in the

future would be cause for "further disciplinary action...up to and including termination."

*Id.*

In January 2001, a customer, Ann de Lathouder, on plaintiff's meter route asked

him to install a new space heater for her.  Plaintiff's Depo. at 69-70.  Plaintiff alleges that

in the past he had declined such requests from de Lathouder but accepted this request

because he was not busy. *Id.* at 67-69.  Plaintiff then purchased a space heater from an

Alabama Gas affiliated store and installed it in de Lathouder's home in what he believes

was the correct manner of installation. *Id.* at 71-72, 104-105.  Plaintiff also wrote "4 year

warr on space heater" on the invoice he gave de Lathouder.  Plaintiff's Depo. at 78.

Plaintiff states that this was meant to pass on the manufacturer's warranty to de

Lathouder, but the manufacturer's warranty clearly states that it is only applicable to the original purchaser. Plaintiff's Depo. at 78; Tipton Aff. at ¶ 5.

On December 12, 2001, de Lathouder contacted defendant's service department regarding a problem with the space heater installed by plaintiff. Plaintiff's Depo. at Exh. 7. De Lathouder stated that she had been unable to get in touch with the plaintiff but explained to the customer service department that she had a 4 -year warranty on a space heater she bought "from the Gas Company." Tipton Affidavit at ¶ 6; Plaintiff's Depo. at Exh. 7. Defendant explained to de Lathouder that it had no record of her purchase of a space heater from defendant or any warranty. Tipton Depo. at 11. De Lathouder told defendant that she asked plaintiff if the gas company sold space heaters and he responded that he would handle the installation for her. Tipton Affidavit at ¶ 7.

On December 14, 2001, defendant sent two supervisors to de Lathouder's home to determine the space heater's problem. Tipton Depo. at 11-12. The supervisors determined that de Lathouder needed to press a button harder to turn it on, but also noticed that the heater was not properly installed according to the Code of the City of Birmingham. *Id.*; Plaintiff's Depo. at Exh. 7.

On December 20, 2001, plaintiff was suspended with pay pending an investigation of the matter. Tipton Affidavit at ¶ 8. An investigation revealed four violations of defendant's policies by the plaintiff. First, plaintiff was found to have violated defendant's solicitation policy by soliciting de Lathouder's business on company time and

in a company uniform.  Plaintiff's Depo. at Exh. 7.  Employees of the defendant are

allowed to "moonlight" by working at other jobs as long as they do not violate the

solicitation policy.  Second, plaintiff was found to have used his employee discount to

buy the space heater in violation of defendant's policies.  Tipton Depo. at Exh. 3.  An

employee may not resell an item purchased using his employee discount.  Third, plaintiff

was found to have installed the heater in violation of the a Birmingham City Ordinance.

*Id.*  Fourth, plaintiff was found to have given de Lathouder a warranty which did not exist

and potentially exposed defendant to liability.  *Id.*

   As a result of this investigation, plaintiff was terminated from his employment.

Plaintiff's Depo. at Exh.7.  Plaintiff filed the appropriate internal grievances and appeals

but the termination decision was upheld.  *Id.* at Exh. 9-11; Tipton Affidavit at ¶ 9.

Plaintiff then filed this action alleging that his termination was a result of race

discrimination in violation of 42 U.S.C. § 1981.


## II. Standard of Review

   Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact that the

moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477

U.S. 317, 322 (1986).  As the Supreme Court has explained the summary judgment

standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23.  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e).  In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587.  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case...A genuine issue of material fact does not exist unless there is sufficient evidence favoring

the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995).  A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

## III. Analysis

Congress enacted 42 U.S.C. § 1981 to protect individuals from racial discrimination in the making of contracts.  In order to set forth a prima facie case of race discrimination under § 1981 through the use of circumstantial evidence, plaintiff must show that: (1) he belongs to a protected group, (2) he experienced an adverse job action, (3) his employer treated persons outside of the protected group more favorably, and (4) he was qualified for his position. *Sledge v. Goodyear Dunlop Tires North America Ltd.*, 275 F.3d 1014, n.1 (11th Cir. 2001).  If plaintiff successfully sets forth a prima facie case, defendant has the opportunity to demonstrate a legitimate non-discriminatory reason for its actions. *Id.*  Should defendant articulate such a reason, plaintiff may put forth evidence to demonstrate that the defendant's reason was a pretext for discrimination. *Id.*

There is no dispute that plaintiff has met his burden with respect to the first, second, and fourth elements of a § 1981 prima facie case.  However, the defendant asserts that plaintiff has failed to demonstrate that a similarly situated employee of a non-

protected class was treated differently by the defendant.  In determining whether a co-employee is similarly situated to a plaintiff for the purpose of establishing a prima facie case, the employees must be involved in "the same or similar misconduct and...disciplined in different ways." *Silvera v. Orange County School Board*, 244 F.3d 1253, 1259 (11th Cir. 2001).

Plaintiff asserts that a fellow employee, Allen Fondren, who is white, was similarly situated to the plaintiff but was not disciplined by defendant.  Plaintiff's Depo. at 180-86. Plaintiff bases this contention on the grounds that Fondren moonlighted "on his personal time" and was not punished or subject to any discipline for doing so.  Plaintiff's Depo. at 181-83.  Additionally, plaintiff asserts that Fondren utilized his employee discount to purchase items he later resold.  Tipton Affidavit at Exh. 1.

However, the facts of this case demonstrate that Fondren is not an appropriate comparator.  First, plaintiff was not fired because he moonlighted on his personal time, but rather, because he was alleged to have moonlighted on the defendant's time. Tipton Depo. at Exh. 3.  Moonlighting on an employee's personal time is not a violation of defendant's policies, but moonlighting on the defendant's own time is a clear violation. Tipton Affidavit at ¶ 3.  Thus, plaintiff's situation is profoundly different from that of Fondren.  Second, as to the use of the employee discount, Fondren was investigated for misuse of his employee discount, but the investigation determined that Fondren had in fact used a wholesaler's discount rather than an employee discount.  Tipton Affidavit at

Exh. 1. On the other hand, defendant's investigation of plaintiff determined that he had in fact misused his employee discount.

However, even if plaintiff and Fondren were both in violation of the employee discount policy, the parties would not be similarly situated for purposes of establishing a prima facie case because plaintiff was alleged to have violated other company policies. The Court of Appeals for the Eleventh Circuit has held that where one employee is accused of or involved in more violations of misconduct than another employee, then they may not be similarly situated. *Silvera*, 244 F.3d at 1259-60.

Further evidence indicating the dissimilar situation between plaintiff and Fondren is the fact that plaintiff has previously been reprimanded for a violation of defendant's policies. Tipton Depo. at Exh. 2. Thus, it would not be unreasonable for defendant to treat plaintiff in a harsher manner than another employee who had no previous record of violations.

Based upon all of the foregoing, Fondren is not a suitable comparator for purposes of establishing a prima facie case.

Even if plaintiff could set forth a prima facie case, defendant had several legitimate non-discriminatory reasons to fire plaintiff for which plaintiff has failed to demonstrate pre-text. First, plaintiff violated defendant's policy by arranging for the sale and installation of a space heater while performing his duties for the defendant. Plaintiff's Depo. at 66-70; Tipton Affidavit, ¶ 3. Second, plaintiff purchased items using

8

his employee discount and then resold them in violation of defendant's policy.  Plaintiff's

conduct should also be viewed in light of his previous reprimand from defendant for

engaging in similar conduct.

Plaintiff's essentially admits in his deposition to violating one of defendant's

policies[1] and his sole response to defendant's other reason for terminating him is that he

did not engage in the activities, but this is insufficient to demonstrate that defendant's

reason for terminating plaintiff was a pre-text for racial discrimination.  In *EEOC v. Total*

*System Services, Inc.*, the Court of Appeals for the Eleventh Circuit held that, in response

to a defendants proffer of a legitimate non-discriminatory reason, a plaintiff must

demonstrate that the reason was not in good faith rather than merely incorrect.  221 F.3d

1171, 1176 (11th Cir. 2000) *citing Elrod v. Sears,* 939 F.2d 1466, 1471 (11th Cir. 1991)

(noting that the relevant inquiry into whether a legitimate reason is pretextual is whether

an employer in good faith believed an employee to be guilty of misconduct rather than

whether or not the employee was actually guilty of the misconduct.)

In regard to the misuse of his employee discount, plaintiff has put forth evidence to

indicate that the defendant's decision was incorrect, but has not put forth any evidence to

---

[1]Plaintiff admitted in his deposition that while he was performing his meter reader duties for the defendant he agreed to purchase and install a heater for de Lathouder.  Plaintiff's Depo. at 67-70.  Moonlighting on company time is a violation of defendant's policies. Tipton Affidavit at ¶ 3.

indicate that the decision was made in bad faith or with any discriminatory animus.[2]

Additionally, plaintiff's evidence that he is not guilty of the misconduct does not rise to

the level necessary to draw an inference that defendant's decision was motivated by bad

faith. *See* Footnote 2.

On the other hand, defendant has put forth substantial evidence to indicate that it

had a good faith belief that plaintiff purchased an item with his employee discount and

later resold it. First, the price plaintiff purchased the heater at was a 25 percent reduction

in the list price of the heater. Tipton Affidavit at ¶ 4. At the time of the purchase, there

was no sale ongoing relating to this heater. *Id.* Second, the receipt for the heater had

plaintiff's employee ID number written on it which only occurs when an employee

purchases an item using his employee discount. *Id.* This evidence provides a substantial

indication that the firing of plaintiff for misuse of his employee discount was a legitimate

reason.

In regard to the moonlighting accusation, plaintiff fully admits in his deposition

that he agreed, while he was performing his meter reader duties for the defendant, to

install a heater for de Lathouder. Plaintiff's Deposition at 66-70. This is a direct

---

[2]Plaintiff's evidence that he did not misuse his employee discount amounts to nothing more than his own word. First, plaintiff states that he did not use his employee discount to purchase the heater he later resold to de Lathouder. Plaintiff Depo. at 76. Second, he states that he could not possibly have used his employee discount for the purchase because he made the purchase with cash and the employee discount may not be used on cash purchases. *Id.* However, he provides no support other than his own statements for this proposition. Furthermore, defendant has produced evidence to contradict this assertion. Tipton Affidavit at ¶ 12.

violation of defendant's policies.  Tipton Affidavit at ¶ 3.

Therefore, since defendant has set forth several legitimate non-discriminatory reasons for firing the defendant and the plaintiff has failed to present evidence that the reasons were a pre-text, defendant's motion for summary judgment is due to be granted.

### IV. Conclusion

Based upon all of the foregoing, defendant Alabama Gas Corporation's motion for summary judgment is **GRANTED.**

**DONE** and **ORDERED** this the _29_ day of October, 2002.

Inge P. Johnson
U.S. District Court

11